CAROLINE AMANDA McCREADY, Appellant, *v.* THE FARMERS' LOAN AND TRUST COMPANY, as Trustee and Guardian of FRANCIS MARION WHALEY and Another, Appellants; WILLIAM WHALEY, as Administrator, etc., of LOUISINE W. WHALEY, Deceased, Respondent.

*Code of Civil Procedure, § 1228 — taking of testimony by a referee after the filing of his report — the Special Term has no power to permit or direct it — proper way to correct an error.*

Under section 1228 of the Code of Civil Procedure a referee's report, in an action where the whole issue is one of fact, stands as the decision of the court, and, except in a few cases, judgment is entered thereon by the clerk. The referee, after his report has been filed, cannot proceed further in the taking of testimony looking to, or which may result in, a change of his decision; that power has passed from him, and the Special Term of the Supreme Court cannot restore it or compel its exercise.

If an error appears in the record the remedy is by appeal; if outside the record, by an application for a new trial.

APPEAL by the plaintiff, Caroline Amanda McCready, and the defendant, The Farmers' Loan and Trust Company, as trustee and guardian of Francis Marion Whaley and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of April, 1894, directing that the report of the referee be sent back for the purpose of enabling him to take testimony in regard to the commissions alleged to be due to the administrator of Louisine W. Whaley, deceased.

*David McClure* and *Charles Steel*, for the appellants.

*Charles A. Jackson*, for the respondent.

PARKER, J. :

After the referee had made his report in the suit which was referred to him to hear and determine, leaving him without further power, except to settle the case on appeal, the court at Special Term " Ordered, that the report of William H. Willis, Esq., the referee herein, which was filed herein on the 5th day of April, 1894, be and it is hereby sent

back to said referee for the purpose of taking testimony in regard to the commissions alleged to be due to William Whaley, as administrator of Louisine W. Whaley, deceased, and receiving evidence on behalf of said administrator as well as of the other parties hereto in regard to said matter, and to allow the said administrator to cross-examine the said Nathaniel L. McCready in regard to his testimony on said matter, and to make such legal objections thereto as he may see fit."

Our attention is not called to any statutory provision authorizing such practice.

Under section 1228 of the Code of Civil Procedure, a referee's report in an action where the whole issue is one of fact, stands as the decision of the court, and except in a few cases judgment is entered thereon by the clerk.

After his report has been filed he cannot proceed further in the taking of testimony looking to, or which might result in, a change of decision. That power has passed from him, and the Special Term cannot restore it, much less compel its exercise.

If the record of the trial shows error as against the defeated party his remedy is by appeal. Otherwise the judgment must stand unless there exist such facts outside the record as entitle him to a new trial. The grounds upon which the granting of a new trial may be predicated need not be adverted to, nor need we consider whether the affidavits before the Special Term would have supported an order granting a new trial, for no such order was made nor asked for; therefore, we have not that question before us.

The court did not grant a new trial and appoint the same person or another to act as referee, specifying in the order, as required by rule 31 of the General Rules of Practice, the grounds upon which the motion was granted.

Instead, it treated the report of the referee as something which could be recalled and corrected in accordance with evidence to be presented which should conflict with that upon which it was based — the referee as having the power to take other testimony and render a different judgment if put in motion by the Special Term, and the court as having the authority to specify the subjects as to which further evidence should be taken and necessarily the respects in which a different decision would be permissible.

*Ross* v. *Ross* (31 Hun, 140) and the cases cited in the opinion of BROWN, J., deny the existence of this power in the Special Term.

The order should be reversed, with costs and printing disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.