WHITE v. WHITE.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. REFERENCE (§ 104*)—REREFERENCE—NECESSITY FOR NEW REFEREE—"NEW TRIAL."

   Code Civ. Proc. § 1012, provides that in a case specified in the section where the parties consent to a reference, and a new trial of the action tried by the referee designated is granted, the court must upon application of either party appoint another referee. *Held*, that where the court refuses to confirm the referee's report, and refers the matter to be again heard and determined, it in effect grants a new trial within the meaning of the section, and the rereference should be to a new referee.

   [Ed. Note.—For other cases, see Reference, Cent. Dig. § 204; Dec. Dig. § 104.*

   For other definitions, see Words and Phrases, vol. 5, pp. 4788–4790.]

2. APPEAL AND ERROR (§ 9*)—APPEALABLE ORDERS—IMPROPER REREFERENCE.

   Upon the court's refusal to confirm the report and its rereference to the same referee, the proper procedure of the party desiring a reference to a new referee was to move for a new trial before another referee to be named by the court, and not to appeal from the order.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 31; Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by Louisa B. White against Henry White. From an order denying a motion to appoint a referee, defendant appeals. Reversed, and motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-LIN, SCOTT, and DOWLING, JJ.

Clarence J. Shearn, for appellant.
William H. Hamilton, for respondent.

McLAUGHLIN, J. Action for divorce. After issue had been joined a referee was appointed to hear and determine. He made a report in favor of the plaintiff, and her attorney moved to confirm the same. This was opposed by the defendant's attorney, upon the ground, among others, that all of the evidence bearing upon defendant's alleged adultery consisted of depositions taken not by the referee, but by a person designated by him. The court refused to confirm the report, and sent the matter back to the referee to again hear and determine. The defendant by his attorney opposed sending the matter back to the same referee, and by an order to show cause asked that a new referee be appointed. The appeal is from an order denying the motion to appoint a new referee.

When the referee filed his report, his duties terminated. He was then functus officio. When the court refused to confirm his report, he should have ordered a new trial before another referee. Code Civ. Proc. § 1012; Perkins v. Perkins, 130 App. Div. 193, 114 N. Y. Supp. 960; McCready v. Farmers' L. & T. Co., 79 Hun, 241, 29 N. Y. Supp. 361; Matthews v. Matthews, 53 Hun, 244, 6 N. Y. Supp. 589; First Nat. Bank of West Troy v. Levy, 41 Hun, 461.

The section of the Code of Civil Procedure cited provides that:

"In a case specified in this section, where the parties consent to a reference, the court may, in its discretion, grant or refuse a reference; and, where a reference is granted, the court must designate the referee. If the referee, thus designated, refuses to serve, or if a new trial of an action tried by a referee so designated, is granted, the court must, upon the application of either party appoint another referee."

When the court refused to confirm the report and sent the matter back to the referee to again hear and determine, it was, in effect, granting a new trial, and this the defendant was legally entitled to have before a new referee.

Nor do I think the defendant should have appealed from the order denying the motion to confirm the report and sending the matter back to the referee; on the contrary, he adopted the proper course, viz., moving to have the new trial before another referee to be named by the court.

The order appealed from is therefore reversed, and the motion granted, without costs to either party. All concur.