FORTUNATA MASTROBUONO, Appellant, Respondent, v. CARMEN LANGE, as Sole Surviving Executrix, etc., of LUDWIG KUENSTLER, Deceased, Respondent, Appellant.— Order reversed on the law in respect to the new findings and the defendant's motion to strike out the plaintiff's proposed findings granted, without costs, and plaintiff's cross-motion to compel acceptance of these proposed findings denied, without costs, on the ground that the court was without jurisdiction to make findings on plaintiff's requests after judgment had been entered. (*Hydraulic Power Co. v. Pettebone-Cataract P. Co.,* 194 App. Div. 819.) Particularly is this true when the findings made were entirely inconsistent with those previously made on which the judgment was rendered. It would have been proper to make such findings before judgment if the court were to retain jurisdiction to furnish relief to plaintiff. But this question of additional findings becomes academic in the view we take of the appeal from the judgment. The manner in which the appeal from the judgment is presented makes a decision difficult. The plaintiff has prepared no bill of exceptions. The record omits all the evidence, and the case is not settled and signed by the trial justice. The appeal was submitted without argument, so the discrepancies could not be called to the attention of counsel. They have stipulated the record and neither side has raised any question as to its form. Expressing our disapproval of such practice, nevertheless under the circumstances we take the record as we find it. Sufficient appears therefrom and by conceded facts to indicate that equity had jurisdiction to determine the question of fraud or misrepresentation in respect to the payment of taxes for the years 1920 and 1921 by defendant's testator prior to the execution of the deed which was accepted in reliance on those representations. The question should have been determined by the court and a remedy furnished the plaintiff if the facts warranted it, even though the court found that the facts proved did not establish grounds for the reformation of the deed as the complaint demanded. Equity will give relief as the exigences of the case demand at the close of the trial. (*Lightfoot v. Davis,* 198 N. Y. 261, 273; *Bloomquist v. Farson,* 222 id. 375, 380.) There is authority that a remedy will be furnished under somewhat similar circumstances. (*Di Chiro v. O'Byrne,* 163 App. Div. 109.) Equity is liberal in respect to amendment of pleadings where the relief to be given is developed in the course of the trial, and will retain jurisdiction that justice may be done to litigants without sending them to another forum. Amendments may now be made by formal motion at the trial in the exercise of discretion (Rules Civ. Prac. rule 166); or the pleadings by amendment may be made to conform to the proof. (Civ. Prac. Act, § 434.) The whole case should be reconsidered *de novo,* and to that end all findings are struck out. In the interest of justice the judgment is reversed on

the law and a new trial granted, costs to abide the event. Hagarty, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., concurs in result.