Louis B. Heller, J.
Motion by plaintiff for an order directing the City Sheriff, Kings County to pay over moneys collected *93 under a judgment entered in this action and future collections. Cross motion by defendant to stay payment of the money to plaintiff and for an order referring the entire matter to Mr. Justice Steinbrinic, Special Referee, for reargument.
A judgment in favor of plaintiff and against defendant, in the sum of $9,618.37, was entered in this action on February 16, 1955. The Sheriff’s office in Kings County has made collections thereon, presently said to amount to approximately $2,100. A previous stay was granted in an order to show cause on a motion to direct the Sheriff to hold all moneys collected under the judgment pending the final determination of the Official Referee who heard and tried an action by the above-named defendant against the above-named plaintiff wherein a decision had been rendered and which had been reversed by the appellate court (5 A D 2d 680). It appears that the motion was withdrawn and the attorney for the plaintiff consented to the stay pending determination on the retrial. The retrial has been had and a determination made therein. The decision of the learned Referee found in favor of the plaintiff in that action against the defendant therein in the sum of $4,000. The decision appeared in the Neto Torlc Law Journal on June 1, 1962 (p. 14, col. 5), but no judgment has yet been entered thereon.
Considering, first, defendant’s cross motion for a stay or for an order 11 referring this entire matter to Mr. Justice Meier Steikbrixk, Special Referee, for reargument” the motion for reargument, made in this action, must be denied since judgment has already been entered therein and the time to appeal from such judgment has expired. If the defendant intended to move for reargument in the action in which he was plaintiff and the plaintiff herein the defendant, the motion must also be denied. After a Referee’s “ report has been filed he cannot proceed further in the talcing of testimony looking to, or which may result in, a change of decision. That power has passed from him, and the Special Term cannot restore it, let alone compel its exercise. If the record on the trial shows error as against the defeated party, his remedy is by appeal. Otherwise the judgment must stand unless there exists such facts outside the record as entitle him to a new trial.” (McCready v. Farmers Loan & Trust Co., 79 Hun 241). In Hydraulic Power Co. v. Pettebone Cataract Paper Co. (194 App. Div. 819, 821) the court stated: ‘ ‘ After a decision has been rendered no substantial change can be made by the trial judge or referee in his report or decision, neither in the findings of fact, nor in the conclusions of law and direction for judgment.” (Chester v. Buffalo Car. Co., 183 N. Y. 425, 439; Herpe v. Herpe, 225 N. Y. 327; cf. dissenting *94 opinion of Mr. Justice Belbock in Gianna v. Jaeger, 283 App. Div. 1090; cf. Mastrobuono v. Lange, 241 App. Div. 770.)
The cross motion is, in all respects, denied.
Plaintiff’s motion to direct the Sheriff to pay over moneys collected and to be collected on the judgment entered in this action is granted. Plaintiff has a judgment for some $9,000 and the decision of the Referee in the action by this defendant against the plaintiff herein found the sum of $4,000 to be due defendant from plaintiff. Assuming defendant enters judgment for such sum, there is still a balance due plaintiff in excess of the moneys in the hands of the Sheriff.