OPINION OF THE COURT
Israel Rubin, J.
The plaintiff landlord had been the owner of an apartment house complex located at 4525 and 4555 Henry Hudson Parkway, Bronx, New York, and was the sponsor of a noneviction cooperative conversion plan for such premises. This plan was declared effective on or about June 26, 1984. In accordance with the plan, plaintiff became the owner and landlord of all shares for the apartments that were not purchased by the closing date.
Prior to the offering of the plan, a group of tenants had organized a tenants’ association. This association was recognized by the landlord who had numerous dealings with the association both in and out of courts as to a rent strike commenced in 1983. During the course of trial of approxi *440 mately 163 nonpayment proceedings commenced in the Housing Part of the Civil Court, Bronx County, a stipulation was entered into on November 23, 1983 which provided that the association would withhold one month’s rent of approximately $100,000 pending the completion of certain repair work necessary at the buildings.
Various disputes arose as to whether the terms of the stipulation were being complied with. Such disputes ultimately resulted in a motion being made by plaintiff on April 23, 1985 seeking relief from the Housing Part of the Civil Court, Bronx County, compelling the association to turn over the $100,000 presently being held pursuant to the terms of the stipulation.
Several days thereafter, plaintiff commenced this action in the Supreme Court, New York County, seeking (a) to enjoin the association and the other defendants from collecting rent due on or after April 1, 1985; Ob) to enjoin the association and the defendants from inducing the breach of any rent obligations; (c) a direction that defendants pay to plaintiff all rents collected on or after April 1, 1985; (d) an accounting of the rents collected by defendants and an order directing the defendants to pay all rents presently due together with interest and attorney’s fees; (e) compensation and punitive damages for tortious interference with contractual relations; (f) compensatory and punitive damages for malicious defamation; and (g) compensatory damages and an injunction with regard to lost sales of occupied apartments attributable to defendant’s wrongful acts.
This instant application was made by the plaintiff, brought on by order to show cause, for a preliminary injunction seeking to enjoin the defendants from (1) collecting, soliciting, handling, depositing or holding any and all rents collected on or after April 1, 1985 and (2) inducing the breach of any rent obligation by encouraging tenants to withhold rents due on or after April 1, 1985 and requesting defendants to immediately pay to plaintiff all rents in their custody or control collected on or after April 1, 1985 together with all records identifying such rents collected.
A temporary restraining order was granted by Justice Jawn A. Sandifer, pending the hearing of this motion (which was extended to the disposition of this motion), enjoining the defendants from collecting, soliciting, handling or depositing any rents due plaintiff on or after April 1, 1985 by any tenants pursuant to valid leases made or existing.
*441 A preliminary injunction should ensue if the plaintiff demonstrates (1) the likelihood of ultimate success; (2) irreparable injury absent the injunction; and (3) a balancing of the equities in plaintiff’s favor (Albini v Solork Assoc., 37 AD2d 835; Tucker v Toia, 54 AD2d 322; see, Grant & Co. v Srogi, 52 NY2d 496).
A preliminary injunction is an extraordinary remedy and should be granted only with great caution upon a showing that a clear right to such relief is appropriate (Chrysler Corp. v Fedders Corp., 63 AD2d 567).
Both in support of the motion and in opposition thereto, the parties cite the case of Ansonia Assoc. v Ansonia Residents’ Assn. (78 AD2d 211).
In Ansonia (supra), the Appellate Division, First Department, held that the granting of a preliminary injunction was proper and that the Supreme Court had full authority to determine all of the issues presented.
The facts involved herein are distinguishable from the facts presented in Ansonia (supra).
In Ansonia (supra) the plaintiff had purchased a deteriorated hotel with the intention of engaging in an extensive rehabilitation program expending in excess of $1,700,000 for improvements. No previous relationship existed between the owner and the tenants nor was there an identity established between the association and its member tenants. It was, therefore, problematical whether there was jurisdiction in the Housing Part of the Civil Court against the association for the relief being sought in the Supreme Court. The Appellate Division determined that it would be appropriate for the Supreme Court to retain jurisdiction in one action rather than to compel the landlord to commence approximately 300 to 350 eviction proceedings against the tenants.
The relationship between the plaintiff and defendants in the case before this court has been long established. The plaintiff has previously commenced eviction proceedings in the Civil Court, Bronx County, and has recognized the association and the tenant members by entering into a stipulation. The enforcement of such stipulation is presently the subject of a motion pending before the Housing Part of the Civil Court. Plaintiff has also commenced and then withdrawn a new proceeding in the Civil Court in April 1985. Plaintiff is, in effect, now selecting a second forum, in a different county, to obtain relief available to it in its first choice of forum.
*442 As conceded by the plaintiff, the building complex and the apartments are not in "perfect” condition. A serious issue exists as to whether there is a likelihood of ultimate success considering the fact that the stipulation entered into in the Housing Court provided for the expenditure of $250,000 for repairs and the plaintiff states that it has found it necessary to expend even a higher amount to make the repairs.
Furthermore, irreparable injury absent the injunction has not been demonstrated as it was in Ansonia (supra) wherein the landlord was faced with the inability to collect rent after it purchased the building and expended over $1,700,000 for renovation. In addition, the plaintiff does not contend that it has no funds other than the rental receipts to use in making repairs. There is no showing that other funds are not available for the continuation of services to the complex.
The plaintiff has already selected the Civil Court as the forum for litigating its claims for rent and possession. No showing is made that the plaintiff would suffer any irreparable harm or undue burden by having the Housing Part of the Civil Court decide the issues raised in the request for a preliminary injunction (Whitby Operating Corp. v Schleissner, 117 Misc 2d 794).
Absent a clear showing that the relief sought is unavailable in the summary proceeding, a preliminary injunction should not be granted. The Civil Court has jurisdiction to grant the preliminary relief requested (Lun Far Co. v Aylesbury Assoc., 40 AD2d 794). The Housing Part of the Civil Court was designed for resolution of the type of disputes involved in this litigation and is the preferable forum.
Only when a party is unable to obtain complete relief in the Civil Court should the Supreme Court intervene. When it can decide a landlord/tenant dispute, as in this case, it is desirable that it do so (Post v 120 E. End Ave. Corp., 62 NY2d 19; Ranter v East 62nd St. Assoc., 111 AD2d 602; Cohen v Goldfein, 100 AD2d 795).
Accordingly, the motion for a preliminary injunction is denied.
By determining that plaintiff is not entitled to a preliminary injunction this court is not making any finding as to the ultimate success or failure of the action. Any issues not resolved by the Housing Court in the summary proceeding can be pursued in the action herein.
The cross motion by the defendants to dismiss the complaint *443 is, therefore, denied. The complaint states a cause of action. The fact that summary proceedings are presently pending in the Housing Court is not sufficient ground to dismiss the complaint at this time. However, the Supreme Court action shall be stayed pending a disposition of the Civil Court proceeding.
That part of plaintiffs motion seeking an order directing the defendants to deposit all rent money collected into court is granted to the extent of directing the defendants to advise the plaintiff as to the depository where the rent money is being held and the names, apartment numbers and amount it is holding for each tenant, within 10 days after service of a copy of this order.
The issue of whether such funds shall be deposited with the court is an issue that can be determined in the Housing Part of the Civil Court.