OPINION OF THE COURT
David B. Saxe, J.
Mr. Higbee, the defendant, has apparently been collecting rent from various tenants in his apartment building who are dissatisfied with services and security that have been provided by the plaintiff landlord who has applied for a preliminary injunction seeking to prevent him from collecting and retaining these rents.
The plaintiff contends that a preliminary injunction should be granted because no lawful basis exists for the collection and retention of rents by Higbee and further that the only legal method by which a receiver may be appointed for the collection and retention of rents is outlined in RPAPL article 7-A. Additionally, the movants contend that as a result of Higbee’s unlawful collection and retention of rents, the owners of the building have incurred substantial difficulties in *764 meeting their financial obligations to pay for basic services for the premises and to pay the building’s mortgage and real estate taxes.
Mr. Higbee has moved to dismiss the complaint and for an award of attorneys’ fees (Real Property Law § 234).
The law is clear that before a preliminary injunction is granted three strictly applied criteria must be met. First, a likelihood of success on the merits must be shown; second, irreparable injury absent the granting of the preliminary injunction will be sustained; and, third, a balancing of the equities. (Albini v Solork Assoc., 37 AD2d 835 [1971].)
I find that the plaintiff has failed to meet this threshold test. In particular, the plaintiff has failed to demonstrate a likelihood of success on the merits because the defendant has an absolute right to assert as a defense in an action for rents allegedly owed his right to decent and habitable living conditions which is codified in Realty Property Law § 235-b (Warranty of habitability).
The plaintiff relies on the case of Ansonia Assoc. v Ansonia Residents’ Assn. (78 AD2d 211 [1st Dept 1980]), in support of its position. In Ansonia, the appellate court granted a preliminary injunction against a tenant’s association and reversed the lower court’s dismissal of the complaint. The reversal was predicated, in large part, upon the Appellate Division’s holding that Trial Term had erred in "finding that [the] landlord had an adequate remedy at law in Housing Court to recover the rents collected by the association.” (Supra, at p 213.) Instead, the court found that because a landlord and a tenant’s association do not stand in the relationship of landlord and tenant, the landlord had no remedy in the Housing Court against the tenants’ association. The landlords’ alternative of commencing 300 to 350 separate eviction proceedings in Housing Court against the individual tenants was not viewed as an adequate remedy at law. Moreover, in Ansonia, the plaintiff, a recent purchaser of the building, made a strong showing that the association’s collection and retention of rent was jeopardizing its ability to meet current operating expenses. (Supra, at p 219.) In sum, the court found that the landlord had adequately stated a cause of action and had met the threshold test for the granting of injunctive relief. Here, no similar showing has been made by the plaintiff.
Instead, the case is more akin to that of Glen Briar Co. v Silberman (129 Misc 2d 439 [Sup Ct, NY County, Israel Rubin, *765 J.]) where the court determined that since the plaintiff would be able to receive complete relief in the Housing Part of the Civil Court, the Supreme Court should not intervene. In the instant case, the building consists of 54 units, of which 26 tenants have collectively sought to withhold rent. To require the landlord to commence separate eviction actions in Housing Court would not be so onerous as to constitute an inadequate remedy at law. Moreover, the defendant has documented a long history of grievances with respect to the defense of breaches of the warranty of habitability which tends to negate landlord’s contention of likelihood of success on the merits.
I further find that the plaintiff’s allegations of irreparable injury are speculative and not supported by any real evidence.
Finally, I find the equities tip in favor of Higbee. In New York, under Real Property Law § 230 (1) the rights of tenants to organize is well protected by associational and speech freedoms.
With respect to the motion to dismiss, the first cause of action seeks permanent injunctive relief from the defendant’s collection of rent. It is alleged that Mr. Higbee collected rents in the absence of a court order, the consent of the owners or through the aegis of a RPAPL article 7-A administrator. But, as indicated previously, tenants who don’t receive what the warranty of habitability entitles them to may withhold their rent until conditions are improved. Additionally, Mr. Higbee was not required to commence a RPAPL article 7-A proceeding as a predicate to withholding rent (Tower W. Assoc. v Derevnuk, 114 Misc 2d 158 [Civ Ct, NY County 1982]). I find therefore that there is no basis, as a matter of law, to support the issuance of a permanent injunction, which request is contained within plaintiff’s first cause of action and therefore that cause of action is dismissed.
The second cause of action seeks damages for the intentional infliction of economic harm. But, it is the law that where a defendant has a proper purpose in mind and seeks to further that purpose through lawful means, then the interference is justified, notwithstanding the fact that the plaintiff suffers economic harm from it. (Alvord & Swift v Muller Constr. Co., 46 NY2d 276.) The inquiry is whether the defendant intends, as his primary purpose, to harm the plaintiff or whether such harm is merely incidental to the defendant’s pursuit of some other lawful objective.
*766 Here, it is clear that the purpose of the defendant in collecting and retaining the rent checks of certain tenants was to insure that certain deleterious building conditions be remedied. That motivation clearly takes this claim out of the realm of the tort alleged in the second cause of action, which is therefore dismissed. (See generally, Whitby Operating Corp. v Schleissner, 177 Misc 2d 794.) Also, the second cause of action fails to set forth facts sufficient to state a cognizable cause of action under the law.
The third cause of action seems to predicate liability on the fact that Mr. Higbee violated the public policy of RPAPL article 7-A by collecting rents himself without court authorization. What the complaint seems to be inferring is that tenants and their associations may not, under any circumstances, engage in a rent strike. But, that is not the case and RPAPL article 7-A is not a bar to the withholding of rents when conditions dictate. The third cause of action fails to state a cause of action and is dismissed.
The fourth cause of action fails to state sufficient supporting facts. The plaintiff has admitted receipt of rent for each month through the date of commencement of this proceeding. What then has been converted? The cause of action is dismissed with leave to replead.
As to the defendant’s request for attorney’s fees pursuant to Real Property Law § 234, in the court’s discretion, it is denied. Essentially, the thrust of this decision is that the Supreme Court should not retain jurisdiction over this matter and that the landlord has failed to make a sufficient showing to entitle it to a preliminary injunction. As such, there has really been no final adjudication of the underlying rent dispute, and accordingly tenant’s application for attorneys’ fees is denied.