Andrew J. SERAFIN, et al., Appellants,

v.

1458 COLUMBIA ROAD, N.W., Tenant Association, et al., Appellees.

No. 89–842.

District of Columbia Court of Appeals.

Argued May 1, 1991.
Decided June 17, 1991.

---

**1064**

Michael A. Mays for appellants.

Richard C. Deering, for appellees.

Before ROGERS, Chief Judge, WAGNER, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

This case has its origins in a rental dispute between appellants, the owners of rental units in a Northwest apartment building, and a group of persons who are tenants in the building. Asserting existing housing violations, the tenants involved in the dispute formed an association and deposited monies in a local bank in lieu of paying the landlords. Ultimately, appellants filed the instant action in the Superior Court, alleging unlawful conspiracy and other tortious actions against named individuals, the bank, and the Tenant Association. Appellants requested $500,000 in actual and compensatory damages and $1,000,000 in punitive damages, release of the monies on deposit, as well as injunctive relief to prevent withdrawal of the monies by the tenants or the association. An initial request for a temporary restraining order was unsuccessful.[1] A few days later, appellants sought a preliminary injunction. A different trial judge declined, after a hearing, to issue an order which would have prevented the tenants from withdrawing the deposited monies and which would require the bank to release funds to appellants. This appeal is from the order denying relief. We affirm and hold that the principles articulated in *Dorfmann v. Boozer*, 134 U.S.App.D.C. 272, 414 F.2d 1168 (D.C.1969), are still controlling in this jurisdiction.

I

In denying injunctive relief, the trial judge expressly relied upon the decision in *Dorfmann, supra.*[2] In a factual setting nearly identical to the present case, the *Dorfmann* opinion observes that the comprehensive statutory scheme for landlord and tenant disputes provides adequate legal remedies which militate against the intrusion of an injunctive remedy.[3] *Id.* at 275, 414 F.2d at 1171. "The struggle here between the rent strikers and the landlord involves a variety of closely balanced legal and tactical approaches; [a] preliminary injunction [would] quickly and unwarrantedly destroy that balance." *Id.* at 278, 414 F.2d at 1174.

---

1. Appellants point out that appellees have withdrawn funds from the bank account, despite earlier representations that they would not do so. A second unsuccessful effort for a temporary restraining order was made after denial of the preliminary injunction.

2. *See M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971).

3. In *Dorfmann,* the appellees argued that because of the rent strike, they were without the funds necessary to operate the apartment and would likely suffer a foreclosure. Here, appellants argue that their ability to maintain the building is significantly impaired and is causing them a financial burden and hardship.

Appellants contend the rationale for *Dorfmann* no longer exists.[4] Specifically, they argue that the enactment of rent control legislation by the Council of the District of Columbia has shifted the balance of power to the tenant, effectively overruling *Dorfmann*.[5] We disagree.

Historically, the courts have been sensitive to the balance of power between tenant and landlord. In the seminal case allowing protective orders, *Bell v. Tsintolas Realty Co.*, 139 U.S.App.D.C. 101, 430 F.2d 474 (1970), the court, citing *Dorfmann*, mandated application of strict criteria to maintain the "precarious balance of tactics in landlord-tenant litigation." *Id.* at 108, 430 F.2d at 481.

■ In this case, we do not consider the merits of the dispute between the parties, addressing only the narrow issue of injunctive relief. Rent control notwithstanding, appellants' argument does not alter the holding in *Dorfmann* which we have continued to follow. *See McQueen v. Lustine Realty Co.*, 547 A.2d 172, 179 (D.C.1988) (citing *Dorfmann* in decision allowing tenant's right of collateral appeal of protective order which is a "formidable tool" used primarily for the landlord's benefit); *Davis v. Rental Assocs., Inc.*, 456 A.2d 820, 823 (D.C.1983) (en banc).

The underlying rationale for *Dorfmann* remains unchanged. A landlord continues to have alternative legal remedies available.[6] Given these remedies, and the delicate balance between the parties, we remain persuaded, at least generally, that the wiser course is to avoid injunctive relief which may well have the effect of alleviating harm to one party at the expense of exposing the other party to even greater financial risk.[7] *Dorfmann, supra,* 134 U.S.App.D.C. at 277, 414 F.2d at 1173. We hold therefore that *Dorfmann* is still the rule in this jurisdiction.

■ Moreover, we observe in this instance that appellants, in their civil action complaint, allege conspiracy and unlawful interference with the landlord and tenant relationship. In addition to injunctive relief, they also seek compensatory and punitive damages. In presenting this matter, appellants take the position, without citing authority, that their damages should include any escrow funds established by appellee tenants. We think this assertion goes beyond what has been previously rejected in *Dorfmann*, and we are therefore unpersuaded.

Accordingly, the judgment is

*Affirmed.*

---

**4.** Appellants rely on *Ansonia Assocs. v. Ansonia Residents' Ass'n*, 78 A.D.2d 211, 434 N.Y.S.2d 370, (1980) (injunction sought by landlord (*1980*) to restrain collection of rent by tenants' association and turn over previously collected rents to landlord; upheld as to former (restraint) based on irreparable harm to landlord's ability to provide essential and contractural services; denied as to latter (turn over), however, extended injunction to prevent pay out of collected monies to tenants or anyone else). We do not find *Ansonia* persuasive.

**5.** Rental Housing Act of 1985, D.C.Code §§ 45–2501 *et seq.* (1990 Repl.).

**6.** When a tenant refuses to pay rent a landlord may commence an action for ejectment and claim all arrears of rent accrued until the termination of the tenancy. He may also have a tacit lien for rent on the tenants' chattels. D.C.Code §§ 45–1410, –1411, –1413, –1414 (1990 Repl.).

The landlord may also request a protective order whereby the tenant pays rent into a court managed registry to be distributed accordingly at the end of the suit on the merits. *Cooks v. Fowler,* 141 U.S. App.D.C. 236, 437 F.2d 669 (1971).

**7.** We note that appellants have, by virtue of the protective orders accompanying their suits for ejectment in Landlord and Tenant Branch, obtained the release of monies for their use during the pending litigation.

We note also that appellants waited five months after the rent strike began before filing suit for ejectment in the Landlord and Tenant Branch.