**Paul C. PREBBLE, Martin E. Sipe and Karen D. Sipe, Plaintiffs,**

v.

**UNITED STATES of America and U.S. Department of Labor, Defendants.**

No. 92–CV–0908.

United States District Court, N.D. New York.

Dec. 10, 1993.

Gerald Harley, Hoosick Falls, NY, for plaintiffs.

James C. Woods, Asst. U.S. Atty., Office of U.S. Atty., Albany, NY, for defendants.

## ORDER

McAVOY, Chief Judge.

In a prior hearing, this court granted the defendant's motion to dismiss all of the plaintiff's causes of actions except those claims that were predicated on the tort of intentional infliction of economic harm. With regard to this claim, the court granted the parties permission to file supplemental pleadings to advise the court as to the proper outcome of the summary judgment motion with regard to this claim. For the foregoing reasons, this court holds that summary judgment is also proper with regard to the claim of intentional infliction of economic harm and therefore, the complaint should be dismissed in its entirety.

As previously noted, this suit was before the court on a motion by the defendants for summary judgment. Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party has established that no genuine question of material fact exists and that it is entitled to judgment as a matter of law, the burden shifts to the non-movant to come forward with a similar response setting forth "specific facts showing that there is a genuine issue for trial," absent which summary judgment will be granted. The opposing party "may not rest upon the mere allegations or denials of [his] pleading" (Fed.R.Civ.P. 56(e)) but rather must present "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Indeed, "conclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.'" *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990) (quoting *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512 and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)). "The non-movant cannot escape summary judgment merely by vaguely asserting the

existence of some unspecified disputed material fact, or defeat the motion through mere speculation of conjecture." *Western World Insurance Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990).

■ Of course, it is well established that in deciding a motion for summary judgment, the court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *See Cruden v. Bank of New York*, 957 F.2d 961, 975 (2d Cir.1992); *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). Further, it is equally well settled that "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

■ The plaintiffs in their papers argue that the defendants actions in denying them benefits rise to a level actionable under the prima facie tort of intentional infliction of economic harm. The elements of a prima facie tort are: 1) intentional infliction of harm; 2) causing special damages; 3) without excuse or justification; 4) by an act or act that would otherwise be lawful. *Curiano v. Suozzi*, 63 N.Y.2d 113, 480 N.Y.S.2d 466, 469 N.E.2d 1324 (1984), and *Chen v. United States*, 854 F.2d 622 (2nd Cir.1988).

■ Accordingly, where a defendant has a proper purpose in mind and seeks to further that purpose through lawful means, then the interference is justified, not withstanding the fact that the plaintiff suffers economic harm from it. *Curiano v. Suozzi*, 63 N.Y.2d 113, 480 N.Y.S.2d 466, 469 N.E.2d 1324 (1984) and *Alvord & Swift v. Stewart M. Muller Constr. Co.*, 46 N.Y.2d 276, 413 N.Y.S.2d 309, 385 N.E.2d 1238 (1978). In order to establish a prima facie tort, the test is "whether the defendant intends, as his primary purpose, to harm the plaintiff or whether such harm is merely incidental to the defendant's pursuit of some other lawful objective." *MRS Realty Co. v. Higbee*, 130 Misc.2d 763, 497 N.Y.S.2d 221, 224 (1985).

■ In their complaint the plaintiffs allege that the United States Department of Labor is liable for the intentional infliction of economic harm due to the nature in which it handled the plaintiffs' benefit claims. From the record, it is clear that the plaintiffs have engaged in numerous disputes with the Office of Workers Compensation Programs over the nature and extent of benefits which they were entitled to under the Federal Employees Compensation Act. They have prevailed in some of these cases and have been defeated in others. However, nowhere within their papers have the plaintiffs alleged facts that would establish, even if taken in a light most favorable to them, circumstances that would impose liability on the Department of Labor for intentional infliction of economic harm. Clearly, from the evidence submitted, it can be stated that as a matter of law, that the Office of Workers Compensation Programs' primary purpose in resolving the plaintiffs' disputes was not to harm the plaintiffs. Accordingly, based upon this reasoning, and the reasoning articulated by this court from the bench on October 12, 1993, the defendant's motion for summary judgment is granted as against the plaintiffs' entire complaint.

IT IS SO ORDERED.