█ In the Matter of LAURA D. ROBBINS, as Executrix of RICHARD M. ROBBINS, Deceased, Respondent, v. LANSING DE LEE et al., Appellants.— COOKE, J. Appeal from a judgment of the County Court of Chenango County, entered August 19, 1969, which declared petitioner entitled to possession of a parcel of real property. To maintain summary proceedings under subdivision 3 of section 713 of the Real Property Actions and Proceedings Law, commonly known as "squatter proceedings", it is essential that the occupant sought to be removed, or the person to whom the occupant has succeeded, intruded into or squatted upon the premises, in the first instance, without permission of the owner, his predecessor in title or one entitled to possession (*Stier* v. *President Hotel*, 28 A D 2d 795, 796; *Kaufman* v. *Zash*, 7 A D 2d 927, 928, affd. 7 N Y 2d 831; *Walcer* v. *Sherman*, 123 Misc. 390). Since the uncontradicted testimony demonstrates that appellants Lansing De Lee and Velma De Lee went into possession of the farm in 1950 under the terms of a contract between them and one of petitioner's predecessors in title, they were neither intruders or squatters (*Williams* v. *Alt*, 226 N. Y. 283, 290) and the proceeding cannot be upheld. Judgment reversed, on the law, and petition dismissed, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.