Martin B. Stecher, J.
This is a summary holdover proceeding to recover possession of residential premises which have been continuously occupied by the respondent since 1952 and are subject to the Bent Stabilization Law (Administrative Code of City of New York, tit. YY).
On May 25, 1971, the petitioner tendered to the respondent a three-year renewal lease (Administrative Code, § YY 51-6.0, subd. c, par. [4]). The rental increase contained therein was within the limits set by the Bent Guidelines Board Order No. 2 (Administrative Code, § YY 51-5.0) and its remaining terms were identical to those of the most recent prior lease between the .parties. On July 29, 1971, the respondent signed and returned the lease to the petitioner, but inserted therein the *765 following legend: ‘ ‘ Sublet clause was omitted from lease as in previous riders. This will be judged by Rent Conciliation and Appeals Board as discussed with Mr. Ira Friedman and will be bound by their decision. ’ ’
The petitioner asserts that these facts entitle him to possession on two grounds: by inserting the quoted language the respondent did not accept the léase offered but made a counter proposal; and that if the document be deemed to have been accepted, acceptance occurred more than 60 days after tender, and was untimely (Real Estate Industry Stabilization Association Code, §§ 23 (A) (2) and 60).
There was considerable confusion at the trial as to whether the most recent prior lease contained a sublet clause. Two older leases did. The last did not, but respondent’s belief that it did is understandable. A close reading of the language inserted in the renewal lease reveals no modification of the landlord’s terms. It merely asserts that if the agency having jurisdiction of the parties’ relationship determines that the tenant is entitled to a further benefit he will claim it. Such a statement is not a modification of the lease. I find that the tenant has accepted the proffered lease. (It is clear, now, that the tenant was not entitled to the sublet clause.)
The acceptance occurred 65 days after the tender. This five-day delay is not fatal to the respondent’s position. There is no proof that the landlord has rerented the premises or otherwise changed his position by virtue of the tenant’s delay in responding, or that the delay was occasioned by bad faith of the respondent. His intention to renew was abundantly apparent and was caused by the confusion over the sublet clause. The respondent’s situation is analogous to that of the tenant who exercised an option to renew a lease subsequent to the last day fixed for giving notice of his election. It has been held that, ‘6 In view of the fact that the [landlord] had actually received notice before it took any steps to find another tenant or to lease the space, the Appellate Division was fully warranted in holding for the [tenant] by applying the principle that a tenant should be relieved of its default when its failure to give the requisite timely notice of renewal of its lease — or to perform some other condition precedent to renewal — has neither harmed nor prejudiced the landlord and was not due to bad faith.” (Sy Jack Realty Co. v. Pergament Syosset, 27 N Y 2d 449, 452; Millar & Co. v. Wolf Sales & Serv. Corp., 65 Misc 2d 585).
Judgment shall be entered in favor of the respondent.