Martin B. Stbcher, J.
This is a summary proceeding to recover possession of a rent-stabilized apartment on the ground that more than 60 days have elapsed since the landlord offered a two-year lease to the tenant, who has failed and refused to sign and return it (Code of Real Estate Industry Stabilization Assn, of N. Y. City, Inc., § 23, subd. [A], par. [2], and § 60).
The tenant is a sublessee under a lease between his sub-lessor and the petitioner made March 9, 1965, as extended in writing for a term ending March 31, 1969. There has been considerable acrimony and litigation between the parties to this proceeding, none of which need be reviewed here except to observe that it has been held that this respondent is entitled to the protection of the Rent Stabilization Laws (Administrative Code of City of New York, ch. 51, tit. YY).
On October 11, 1971, the petitioner tendered to the respondent a lease purporting to be for a two-year term starting September 1, 1971, at a rental exceeding the prior rental by 10% plus 10 cents. The body of the lease contained the identical limitation on subletting and assignment as had been contained in the prior lease; but now a rider was annexed whose function, if any, was to make any effort at subletting or assignment even more hazardous to the tenant. The tenant, through his attorney, objected, offering to sign a lease which would permit him to assign or ¡sublet, a provision to which he does *445 not appear to have been entitled . On December 13, 1971, the landlord finally conceded and authorized the tenant’s attorney to insert a clause requiring the petitioner not to withhold its consent to subletting or assignment unreasonably.
Upon the tenant’s refusal to execute the lease as modified, the petitioner brought this proceeding.
The tender of the lease on October 11, 1971, was inadequate. The intent of the regulation is to provide a tenant with the security of a lease for a term of two years, and he is given 60 days in which to accept it (Gordon v. Barash, 67 Misc 2d 764). The lease tendered here had an expiration date of August 31, 1973. If the respondent accepted it the day it was offered, he would at best have had a lease for some 22 months. If he waited the 60 days to which he was entitled, he would have had the benefit of only a 20-month lease; and, conceivably, he could have been liable retroactively for the rental increase.
To be entitled to evict a tenant for failure to execute such a renewal lease, a landlord is obligated to tender it at least 60 days before the date it is to begin. Certainly the tender of a lease with a retroactive commencement date and a consequently .shortened term does not meet the requirements of the regulations. It is not too much to ask landlords to anticipate their renewals by 60 days.
Judgment may be entered for the respondent.