■ SEABOARD SURETY COMPANY, Appellant, v GILLETTE COMPANY, Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered August 23, 1979, granting defendant Gillette's motion to dismiss the complaint, unanimously reversed, on the law and on the facts, and in the exercise of discretion, with costs and disbursements, and the motion denied. Relying solely upon the basis of priority, the court granted defendant's motion to dismiss, which was premised upon the pendency of "another action pending between the same parties for the same cause of action" (CPLR 3211, subd [a], par 4). While priority must be considered in weighing such a motion, it is not necessarily the controlling factor, particularly in the circumstances found here. The actions were commenced almost simultaneously. In fact, service was completed that same day on the codefendant in this action and a purported service was effected upon movant also that day. Even if this service were valid, an issue never reached at Special Term, movant would still have a technical priority of a few hours. Concededly, proper service was effected one month later. In either event the priority upon which movant relies, is relatively insignificant. More importantly, New York presently provides the only forum where the three principals to this controversy are parties and in which they may litigate common issues. Whether coverage exists under the libel policies would appear to be inextricably linked to defendants' joint conduct during the course of an advertising campaign, and the joint settlement of the resulting lawsuit. Thus, New York provides the most suitable forum for a complete and expeditious resolution of the issues. Finally, as matters now stand, if plaintiff is deprived of its New York forum, it will have to litigate the same issues in two other courts. Concur—Birns, J. P., Sullivan, Silverman, Lynch and Carro, JJ.