■ 67 8TH AVENUE ASSOCIATES, Respondent, v ANDREW HOCHSTADT, Appellant. — Order, Supreme Court, Appellate Term, First Department, entered October 27, 1980, which modified a judgment of the Civil Court (Nason, J.) entered February 5, 1980, awarding in a holdover proceeding possession of the subject premises to the landlord but staying the warrant of eviction if the tenant executed a renewal lease, to extent of striking the provision staying the warrant, unanimously modified, on the law and the facts, without costs, the judgment of the Civil Court reinstated, as modified, to stay the warrant of eviction if tenant executes a three-year lease pursuant to the terms and conditions stated below. On October 15, 1978 landlord and tenant entered into a one-year lease of the rent-stablized apartment at issue. From July 3 to August 20, 1979 tenant was unable to reside in his apartment because the toilet was inoperable. On July 12, 1979 landlord sent a notice by certified mail to tenant, pursuant to section 60 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., offering to renew the lease. Since tenant was not then living in his apartment, the notice was returned to the landlord marked "unclaimed." Although tenant had several discussions with the landlord's managing agent and another employee regarding tenant's failure to pay his July and August rent because of the inoperable toilet, no mention of the unclaimed notice was made to tenant. Tenant also testified that he made explicit inquiry by telephone regarding a renewal lease but landlord's employee refused to discuss this with him. The employee testified that she did "not remember that." On October 31, 1979 landlord sent a letter to tenant advising that the 60-day period during which he was required to renew his lease had expired, and demanding that he vacate the apartment within 30 days. Tenant responded by letter dated November 27 requesting a renewal lease and stating that he had not previously been offered an extension or renewal of the lease. Under the circumstances presented, tenant's failure to timely respond to the landlord's July 12 renewal notice was excusable. Accordingly the warrant of eviction should be permanently stayed on condition that tenant executes a three-year lease at the then applicable rate of $252.47 per month effective October 15, 1979 within 10 days after tender by landlord. The differential between the current rent of $219.54 and the new rent dating from October 15, 1979 shall be paid by tenant as excess rent prorated monthly over the remaining term of the new lease. Settle order. Concur — Sandler, J. P., Ross, Silverman, Bloom and Lynch, JJ.