OPINION OF THE COURT

Per Curiam.

Final judgment entered June 29, 1982 modified by permanently staying execution of the warrant of eviction provided tenant, within 10 days after service of a copy of the order to be entered hereon with notice of entry, executes and delivers to the landlord a renewal lease in accordance with this decision; as modified, final judgment affirmed, without costs.
Tenant’s last lease for the rent-stabilized apartment at issue expired July 31, 1981. As found by the Housing Court, landlord’s offer of renewal was received by the tenant on March 27, 1981, and tenant’s acceptance and election of a three-year lease was not mailed until May 28. Two days earlier, on May 26, landlord had advised tenant that the offer of renewal had been withdrawn for tenant’s *825 failure to accept it; landlord further indicated that tenant would be expected to vacate at the expiration of the lease term.
The Housing Court, finding that tenant had failed to timely accept landlord’s offer of renewal within the 60-day period ending May 26, 1981, as required by section 60 of the Code of the Rent Stabilization Association of New York City, Inc., awarded possession to the landlord. In our view, such a severe construction of the code is neither warranted nor desirable. To permit this overzealous owner to defeat the statutory right to renew because of tenant’s de minimis delay of a few days in accepting the offer would be contrary to the primary purpose of section 60, which is targeted to the landlord’s fundamental obligation to offer a renewal upon the same conditions as the expiring lease. The tenant is given a period of 60 days to accept that offer and renew the lease; but that does not mean the tenant is subject to automatic eviction if he takes 62 days to accept. It is clear that tenant had no intention of surrendering his stabilization rights, and simply miscalculated as to when his acceptance was due. Loss of the apartment would work an extreme hardship, to be weighed against no apparent prejudice to the landlord should tenant remain, other than the obvious financial advantage accruing from a vacancy. Accordingly the warrant of eviction is permanently stayed on condition that tenant execute and deliver to landlord a three-year renewal lease commencing August 1, 1981 at the appropriate rent guidelines percentage increase (67 8th Ave. Assoc. v Hochstadt, 88 AD2d 843; Gordon v Barash, 67 Misc 2d 764).
Riccobono, J. P., Sullivan and Sandifer, JJ., concur.