■ RONALD M. COHEN, Respondent, v PHILLIP E. GOLDFEIN, Appellant. — Order, Supreme Court, New York County (Richard S. Lane, J.), entered September 28, 1983, denying defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 4) or to stay this action pending the determination of a summary proceeding in the Civil Court of the City of New York, New York County, and granting plaintiff's cross motion to remove and consolidate that proceeding with this action, modified, on the law and the facts and in the exercise of discretion, to the extent of staying this action pending determination of the Civil Court summary proceeding, and denying plaintiff's cross motion to remove and consolidate the Civil Court summary proceeding

with this action, and otherwise affirmed, with costs. ¶ Appeal from order, Supreme Court, New York County (Richard S. Lane, J.), entered May 24, 1983, dismissed, without costs, said order having been superseded by the order of September 28, 1983. ¶ Defendant Goldfein is a partner of 185 East 85th Street Company, the owner of premises 185 East 85th Street, Manhattan, and is the lessee of apartment No. 34G in said premises, under a written lease executed in July, 1979, for the period July 1, 1979 to June 30, 1991 at a rental of $1 per year. Apparently this lease was executed as part of the settlement of certain disputes between the partners. ¶ On or about October 1, 1982 the brother of another partner of the owner, allegedly with authority from the partner, leased the same apartment to Vibrator Sales and Promotions Advertising Inc./Ronald Cohen for the period October 1, 1982 to September 30, 1985 at a monthly rental of $900. Ronald Cohen, the plaintiff in this action, is currently occupying the apartment, paying the rent and claiming to be a rent-stabilized tenant. It appears that he lives in the apartment and also conducts a business there, known as Vibrator Sales and Promotions Advertising Inc., named as a colessee in the lease. ¶ As a consequence, plaintiff and defendant appear to have overlapping leases. The underlying issue is which lease is valid. The contretemps is apparently a result of a partnership dispute. ¶ On November 5, 1982 Goldfein served a 10-day notice upon Cohen to quit by November 16, 1982 on the ground that Cohen was occupying the premises without permission or consent of the lessee, the person entitled to possession and occupancy. On November 16, 1982 Cohen commenced this declaratory judgment action asserting three causes of action: (1) Cohen entered into possession with the permission of the owner; he is not a squatter; Goldfein's lease is illusory and a nullity; Goldfein never occupied the apartment and never paid rent; and Cohen is entitled to judgment declaring his entitlement to possession; (2) $10,000 damages for attorney's fees; (3) $1 million damages for pain and suffering caused by Goldfein's notice to quit. ¶ Goldfein then instituted a summary squatter proceeding in the Civil Court pursuant to RPAPL 713. Goldfein moved in this action pursuant to CPLR 3211 (subd [a], par 4) to dismiss, or under CPLR 2201, to stay this action upon the ground of another action pending for the same relief, viz., the Civil Court summary proceeding. The motion was premised upon the grounds that the Civil Court was a preferred forum for resolution of this type of dispute and could speedily consider and resolve all issues including plaintiff's damage claims which could be asserted as counterclaims in the summary proceeding (CCA 208, subd [b]; 905; RPAPL 743), and that the declaratory relief sought by Cohen is wholly unnecessary. In the interim Cohen moved to dismiss the Civil Court proceeding on the ground of improper service. Goldfein discontinued the Civil Court proceeding and started a new one for the same relief. The Civil Court denied Cohen's motions to dismiss. ¶ In the face of these determinations, Special Term, in the order appealed from, denied Goldfein's motion to dismiss the complaint or stay the action and directed the transfer of the Civil Court summary proceeding to the Supreme Court to be consolidated with this action, upon the ground that the squatter proceeding in the Civil Court could not lie because Goldfein was not in possession. ¶ We disagree. It is well settled that a lessee out of possession may maintain a summary squatter's proceeding against a subsequent lessee (*Kaplan v Volk,* 273 App Div 215). RPAPL 713 (subd 3) provides for a summary proceeding where the person in possession has "intruded into or squatted upon the property without the permission of the person entitled to possession and occupancy has continued without permission". There is a dispute as to whether Goldfein was in possession at the time of Cohen's entry. The Civil Court plainly has power to determine that dispute in deciding whether the summary proceeding lies. ¶ The issue is whether the subsequent lease to Cohen is a

valid lease in the face of the prior lease to Goldfein. The Civil Court has ample power to determine that limited issue (see *Matter of Robbins v De Lee,* 34 AD2d 870; RPAPL 701, 713, subds 3, 10; CCA 204). The issue in *Robbins* was whether the defendant was a squatter, premised upon the authority under which he was in possession. The issue here is the same. There plainly is no need for a declaratory judgment. If the Civil Court determines, as it has the power to do, that Goldfein is entitled to possession on the ground that his lease is valid and pre-exists the lease to Cohen, this will dispose of the dispute and the litigation. Similarly, if the court dismisses Goldfein's action and denies a warrant upon the ground that Cohen is entitled to possession under his lease, there is no need for a declaratory judgment. There is need merely for a determination of which lease is prior. Once that is determined, the relationship between the parties will have been sufficiently established and the legal consequences will automatically follow (*Herwick v Stiehl,* 68 Misc 2d 850, 852). The Civil Court facilities are designed for resolution of such disputes and are preferable. Summary proceedings are not to be stayed or removed and consolidated in such circumstances (*Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794; see *Klausner v Frank,* 95 AD2d 653). ¶ It does not matter whether this action preceded the Civil Court proceeding in time. Nor should both actions continue (*Seaboard Sur. Co. v Gillette Co.,* 75 AD2d 525; 4 Weinstein-Korn-Miller, par 3211.24). ¶ Accordingly, this action should be stayed and the Civil Court summary proceeding permitted to continue as we have directed. Concur — Ross, J. P., Carro, Asch, Fein and Kassal, JJ.