OPINION OF THE COURT
Alan Lebowitz, J.
The parties in the above-captioned matter have stipulated to the following facts:
*1061 On or about May 6, 1986, the petitioner commenced a holdover proceeding pursuant to Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code) § 60 on the grounds that the tenant refused to accept a renewal of the lease.
On or about June 3, 1986, the respondent interposed an answer and, as an affirmative defense, alleged that the landlord never tendered or offered a new lease pursuant to Rent Stabilization Code § 60. Petitioner alleges that a lease renewal offer was mailed on December 20, 1984 by certified mail, return receipt requested, which was returned unclaimed.
Respondent claims that he never received such notice of certified mail.
The issues thus presented for this court to decide are:
(a) Whether the offer of a renewal lease by certified mail, return receipt requested, was a proper offer of a renewal lease pursuant to Rent Stabilization Code § 60; and
(b) Whether or not the landlord must make an additional offer of a renewal lease.
Rent Stabilization Code § 60 provides in relevant part that the tenant in occupancy of a rent-stabilized apartment shall be sent a notice of a renewal lease "not more than 150 and not less than 120 days prior to the end of the tenant’s lease term, by mail” (emphasis added) and that the tenant has 60 days to accept the renewal lease.
Section 60 authorizes a method of service of the notice of a lease renewal offer and that is by ordinary mail. It does not specify any other means of service other than mail.
In Matter of Freiberger v O’Toole (2 Misc 2d 191 [Sup Ct, Kings County 1956]), the court found that where the means of service of notice provided for was mail, such service must be by ordinary mail.
In the instant proceeding, the landlord allegedly mailed the tenant an offer of a renewal lease within the prescribed statutory time period by certified mail, return receipt requested. After two attempts at delivery by the United States Postal Service, the notice was returned to the landlord as unclaimed. Therefore, it cannot be said that the tenant had received notice of such an offer of renewal.
The use of certified mail, return receipt requested, is a type of restricted mail delivery that is likely to result in a failure of timely delivery of notice. This mode of delivery is not *1062 reasonably calculated to give timely notice to the necessary parties. (Hsu v Emerson Collision, 126 Misc 2d 385 [Civ Ct, Kings County 1984]; Matter of Butler v Gargiulo, 77 AD2d 939 [2d Dept 1980]; Matter of King v Cohen, 293 NY 435.)
In Hsu v Emerson Collision (supra), the court (Harkavy, J.) stated at page 388: "[T]he best way to make sure that a document is not received is to send it by certified mail, return receipt requested. The best way to make sure a letter is received is to mail it at the post office [by ordinary mail] and obtain a certificate of mailing.”
If the lease renewal offer had been sent to the tenant by ordinary mail and a certificate of mailing obtained, rather than by the respective method of certified mail, return receipt requested, it would have at least wound up in the mailbox of the named tenant where in due course the tenant would have received proper and effective notice of the lease renewal offer. The landlord would have had proof of mailing in the form of the certificate of mailing, instead of an unclaimed receipt for certified mail.
The landlord has merely shown this court proof of an attempted delivery of the lease renewal offer to the tenant in occupancy rather than proof of actual receipt of notice of delivery. The return receipt was returned to the landlord marked unclaimed and not refused. Thus, the landlord has not demonstrated that the tenant had received the lease renewal offer and had refused to accept same within the statutory time period.
Therefore, this court finds that the tenant in occupancy had not received notice of the landlord’s lease renewal offer as is required by Rent Stabilization Code § 60. The tenant should not be penalized for his failure to respond to an offer within the 60-day time period prescribed by the statute, since it is quite apparent that the tenant never received actual notice of lease renewal offer.
This court directs that the landlord issue a new lease renewal offer to the tenant and that such offer be sent to the tenant by ordinary mail and that the landlord obtain a certificate of mailing. The tenant would then have 60 days from the date of mailing as evidenced by the certificate of mailing to respond to this offer.
The new renewal lease offer ordered by this court will not prejudice the landlord. However, if no renewal offer was ordered the tenant would be prejudiced to such an extent that *1063 it would be out of proportion to the tenant’s fault in this case. (Tritt v Huffman & Boyle Co., 121 AD2d 531.)
The renewal lease shall be retroactive to May 1, 1986 and shall provide for any increase applicable to such renewal lease after election by tenant of one- or two-year renewal. Tenant shall make such election within 10 days after service of a copy of this decision and order with notice of entry upon the attorney for the tenant.
It should be noted that the proposed 1986 Rent Stabilization Code § 2523.5 (d) has codified the retroactivity of leases subsequently executed by tenant.
Final judgment dismissing the petition shall be granted, without costs, and without prejudice to renewal of these proceedings in the event tenant fails to elect term of renewal as provided herein.