OPINION OF THE COURT
Sidney Rosen, J.
Petitioner instituted this holdover proceeding pursuant to section 60 of the Code of the Rent Stabilization Association of New York City, Inc. on the ground that respondent had failed *339 to renew the lease to his apartment. The respondent, an attorney, and counsel for petitioner stipulated as to the facts, to wit:
On August 29, 1986 petitioner’s agent personally delivered a renewal offer by leaving the same under respondent’s door; respondent denied receiving the same; respondent has asked for a renewal since the inception of this action; petitioner has refused because the obligation to renew has expired.
Upon the facts presented, the issues before the court are whether the offer of a renewal lease delivered under the door of the respondent was a proper offer as prescribed by section 60 of the Code of the Rent Stabilization Association of New York City, Inc. and if so, has respondent set forth a reasonable excuse for his failure to timely respond.
Section 60 of the Code of the Rent Stabilization Association of New York City, Inc. provides in relevant part that: "the tenant in occupancy [of a rent-stablized apartment shall be sent a notice of renewal lease] not more than 150 and not less than 120 days prior to the end of the tenant’s lease term, by mail * * * [and that the tenant has] 60 days to * * * accept the [renewal lease]” (emphasis added).
While it is conceded that the purported offer of a renewal lease was within the "window period”, personal delivery under the door of the tenant’s apartment was not in accordance with the statutory requirement for a mailed offer.
Since summary proceedings for eviction are statutory in nature, there must be strict compliance with the statutory requirement as to notice. Thus, in the case of Reliance Props, v Cruz (132 Misc 2d 1060) the court dismissed the petition in a holdover proceeding where the lease renewal offer was mailed to the tenant by certified mail, return receipt requested, instead of by regular mail. The court, citing Matter of Freiberger v O’Toole (2 Misc 2d 191), held that where the method of service specified is "mail” that means ordinary mail and not any other type of mail. The reasoning of the court that had the renewal offer been sent by ordinary mail and a certificate of mailing been obtained from the post office, "[t]he landlord would have had proof of mailing” is equally applicable in the instant matter. (132 Misc 2d, supra, at 1062.) Resort to mailing as provided for in section 60 of the Code Rent Stabilization Association of New York City, Inc. would have obviated the question as to whether an offer of renewal was made or received.
*340 In view of the denial of the respondent of the receipt of the renewal offer and his request for the same immediately upon the institution of this proceeding, there is additional basis for the court’s decision in this case. The failure to renew a lease within the 60 days provided for by the statute is not fatal, even where the tenant admittedly received the notice (Gordon v Barash, 67 Misc 2d 764). In Baja Realty v Karoussos (120 Misc 2d 824) the Appellate Term, First Department, reversed a decision of the Housing Court which had awarded possession to the landlord due to tenant’s failure to renew until 62 days after the receipt of the offer. Here, as in that case, there was no intention by the tenant to give up his stabilization rights.
It has consistently been recognized that forfeitures are not favored in relation to rent-regulated apartments (Haley v Clayton, 106 Misc 2d 739). Equity will intervene to prevent a forfeiture arising out of a tenant’s neglect or inadvertence, especially where a landlord is not harmed by the delay and the tenant would be severely prejudiced (Marino v Coronato, NYLJ, June 4, 1986, at 15, col 2; J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392; Second 82nd Corp. v Shapiro, NYLJ, May 26, 1983, at 14, col 3 [App Term, 1st Dept]; 67 8th Ave. Assocs. v Hochstadt, 88 AD2d 843).
Under the circumstances presented, the alleged failure of the tenant to timely respond to the landlord’s renewal notice of August 29th was excusable. Accordingly, the petition of the petitioner is dismissed on the condition, however, that the respondent execute and deliver to the landlord, within 10 days after tender by the landlord, a renewal lease for a term of one or two years, at his option, commencing January 1, 1987 at the appropriate percentage increase in rent then prevailing. The differential between the current rent and the new rent dating from January 1, 1987 shall be paid by the tenant as excess rent prorated monthly over the remaining term of the new lease.