OPINION OF THE COURT
Martin B. Stecher, J.
In this declaratory judgment action, plaintiff moves to enjoin defendant from pursuing a summary proceeding in Civil *177 Court, or, in the alternative, seeks an order removing the Civil Court proceeding and consolidating it with the action pending before this court.
By letter dated December 17, 1987, defendant rejected an éarlier attempt by plaintiff to exercise a renewal option contained in the lease on a store, and demanded that plaintiff vacate the premises by December 31, 1987, the terminal date of the lease.
On Janaury 5, 1988, a holdover proceeding was commenced in Civil Court; but prior thereto, on or about December 30, 1987, plaintiff commenced a declaratory judgment action in Supreme Court seeking a declaration that he properly exercised his option to renew; or, alternatively, a declaration "based on the Court’s power in equity to relieve against forfeitures of valuable leaseholds,” that plaintiff’s belated exercise of the option to renew does not bar plaintiff from further occupancy and possession.
Defendant argues that all of the issues between these parties can, and should, be resolved in Civil Court. A Civil Court holdover proceeding, it is contended, is the most expeditious manner of resolving the parties-’ disputes, and plaintiff can raise, as equitable defenses, any demand he may make here for equitable relief. To grant the relief sought by the plaintiff, it is asserted, would permit tenants to evade summary proceedings in' Civil Court and, by virtue of Supreme Court’s substantial Trial Calendar, obtain a de facto extension of leases.
It is well settled that Civil Court has jurisdiction over landlord-tenant disputes encompassed in summary proceedings and that when it has the power to decide the dispute, it is desirable that it should do so (Post v 120 E. End Ave. Corp., 62 NY2d 19, 28; Lun Far Co. v Aylesbury Assocs., 40 AD2d 794).
In this case, there is no doubt that Civil Court can grant the parties the reality of full relief, even though it may not issue a declaratory judgment.
NY Constitution, article VI, § 15 (b) gave the Civil Court "such equity jurisdiction as may be provided by law,” and the Legislature authorized Civil Court to hear equitable defenses (CCA 905). There is no question that the tenant’s claim may be asserted as an equitable defense.
In one leading case where a tenant sought to excuse its delay in exercising an option to renew, the Civil Court upheld tenant’s equitable defense to eviction. The Appellate Term *178 affirmed, the Appellate Division reversed and the Court of Appeals, finding possible merit to the equitable defense, reversed, and granted a new trial (J. N. A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, revg 52 AD2d 617, mot for clarification of remittitur denied 44 NY2d 837). Civil Court’s jurisdiction to grant such equitable relief is unchallenged by the published decisions in the J. N. A. case (see also, 5700, 5800, 5900 Arlington Ave. Assoc, v Dogan, 135 Misc 2d 338, 340).
In a recently reported case, the Appellate Division, First Department, in reversing an Appellate Term order, which affirmed a Civil Court judgment dismissing a landlord’s holdover proceeding, held that the case was not one in which equity should intervene to relieve tenant of his obligations under the lease (Soho Dev. Corp. v Dean & DeLuca, 131 AD2d 385), but there is no challenge to the jurisdiction of the Housing Court to grant such equitable relief by excusing a default. As in this case, the tenant commenced a Supreme Court declaratory judgment action and sought to dismiss landlord’s holdover proceeding on the ground that another action was pending. This court (Lehner, J.) denied the motion "ruling that the Civil Court had the power to relieve the tenant of its failure to timely exercise its option” (supra, at 385-386).
The assertion by tenant of its right to a renewal lease arises in Civil Court as a defense to the summary holdover proceeding, and may not result, in that court, in a declaratory judgment. But all of the issues to be heard in the declaratory judgment action will be resolved in the holdover proceeding; and if a declaratory judgment is still desired, it will be available for the asking (on motion), after the summary proceeding is resolved, as a matter of issue preclusion.
To be sure it has often been said that two proceedings are to be avoided where one will do; but, here, there will be but one litigated proceeding and the policy of the courts to preserve Civil Court’s landlord and tenant jurisdiction will be upheld.
Accordingly, an order shall be settled denying the relief requested, vacating any prior restraint which may have issued and staying all further proceedings in this action (except to appeal the order) pending resolution of the summary proceeding.