■ SOLOVIEFF GALLERY Co., Appellant, v C. RAYMOND LANG-STON, Respondent. (And 16 Other Actions.)—Orders, Supreme Court, New York County (David H. Edwards, Jr., J.), entered August 7, September 18 and September 25, 1989, which, *inter alia,* stayed these actions pending determination of related proceedings in Housing Court pursuant to CPLR 2201, unanimously affirmed. Defendants-respondents shall each recover of appellant $250 costs and disbursements of their respective appeals.

In response to a rent strike by residential tenants, plaintiff landlord commenced approximately 65 nonpayment proceedings in Civil Court, New York County, seeking rents for the period from October 1987 to May 1988. The various tenants alleged breach of the warranty of habitability. After extensive motion practice, trial began in December 1988. The plaintiff intentionally refrained from amending its petition to seek rent accruing subsequent to May 1988, and indeed opposed tenants' January 1989 motion seeking to compel landlord to make such amendments to its petitions. Shortly thereafter, plaintiff commenced these actions in Supreme Court, New York County, seeking rent for the period from June 1988 to February 1989.

The IAS court's issuance of a stay pursuant to CPLR 2201 in light of these circumstances was entirely appropriate. Plaintiff had ample opportunity to assert the present claims in Housing Court, the preferred forum for resolution of such disputes *(Cohen v Goldfein,* 100 AD2d 795), but undertook instead a course of action designed to produce delay and duplicative litigation. Although plaintiff's claims in these Supreme Court cases are technically distinct from those raised in the Housing Court litigation, the disputed issues are so closely interrelated as to be virtually identical. There simply is no reason why the Supreme Court should involve itself in matters pending before the Civil Court for more than two years. *(Zonghetti v Jeromack,* 150 AD2d 561.) Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Smith, JJ.