■ FELICE SCHEFF, Plaintiff, v 230 EAST 73RD OWNERS CORP. et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendant. CAROL PHILLIPS-BEIRNE et al., Respondents, v

CLASSIC RESIDENCES INC., Appellant, et al., Defendants. [610 NYS2d 252] —Order of the Supreme Court, New York County (Robert D. Lippmann, J.), entered January 12, 1993, which granted plaintiffs-respondents' motion for removal and consolidation of two summary holdover proceedings pending in Civil Court with this tort action pending in Supreme Court, unanimously reversed, on the law, and the motion denied, without costs.

Included among the numerous claims asserted by plaintiffs-respondents (tenants) in their Supreme Court tort action is a cognizable defense, based upon a breach of the statutory warranty of habitability (Real Property Law § 235-b), to defendant-appellant's summary proceedings for nonpayment of rent pending in Civil Court. However, there is "a strong rule against staying a summary proceeding, or removing it, such as for purposes of a consolidation or joint trial with some proceeding in the supreme court or some other superior court" (Siegel, NY Prac § 577, at 909 [2d ed]).

This Court has consistently adhered to the rule stated by Professor Siegel *(e.g., Cohen v Goldfein,* 100 AD2d 795; *Lun Far Co. v Aylesbury Assocs.,* 40 AD2d 794). Only where Civil Court is without authority to grant the relief sought should the prosecution of a summary proceeding be stayed *(Lun Far Co. v Aylesbury Assocs., supra; Glen Briar Co. v Silberman,* 129 Misc 2d 439, 442), notwithstanding that the Supreme Court action may have preceded commencement of the summary proceeding *(Cohen v Goldfein, supra,* at 797). Nor is consolidation appropriate where, as here, there are no common questions of law and fact because the property damage alleged in the tort action involves a time period prior to that for which rent arrears are sought *(Earbert Rest. v Little Luxuries,* 99 AD2d 734; *Schroder Bank & Trust Co. v South Ferry Bldg. Co.,* 88 AD2d 570).

Plaintiffs-tenants do not contend that Civil Court is incapable of determining whether the conditions in their apartment constitute a violation of the warranty of habitability and, thus, they have not established the necessity for consolidation *(Parksouth Dental Group v East Riv. Realty,* 122 AD2d 708; *Kanter v East 62nd St. Assocs.,* 111 AD2d 26; *see also, Mannis v Jillandrea Realty Co.,* 94 AD2d 676). Nor do plaintiffs set forth any basis for departure from the rule established in this Department by the foregoing decisions. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.