■ In the Matter of 210 REALTY ASSOCIATES, Appellant, v PHYLLIS O'CONNOR, Respondent. [754 NYS2d 558] —In a holdover summary eviction proceeding pursuant to RPAPL article 7, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated October 3, 2001, which, inter alia, affirmed an order of the City Court of the City of White Plains (Leak, J.), dated March 24, 2000, which, upon granting its motion for leave to reargue the respondent's prior motion, inter alia, to vacate a warrant of eviction and dismiss the petition, which was determined in an order of the same court, dated December 10, 1999, which, inter alia, granted the motion, adhered to the original determination.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contentions, the Appellate Term correctly determined that the City Court possessed, and providently exercised, discretion to forgive the respondent's default in renewing the lease for her rent-regulated apartment (*see Parkchester Apts. Co. v Scott,* 271 AD2d 273; *67 8th Ave. Assoc. v Hochstadt,* 88 AD2d 843 [decided before the effective date of RPAPL 753 (4)]; *cf. Parkchester Apts. Co. v Heim,* 158 Misc 2d 982; *5700, 5800, 5900 Arlington Ave. Assoc. v Dogan,* 135 Misc 2d 338; *Baja Realty v Karoussos,* 120 Misc 2d 824; *Rothschild v Valarezo,* NYLJ, June 10, 1991, at 32, col 2 [App Term, 1st Dept]). The respondent's default was inadvertent, and upon being notified of her failure to renew the lease, she promptly notified the petitioner of her desire to do so. The petitioner demonstrated no prejudice as a result of the brief delay in renewing, and the respondent would be greatly harmed by being evicted from her long-term home. Accordingly, the City Court providently exercised its discretion to

relieve the respondent of her default so as to avoid an inequitable forfeiture.

The petitioner's remaining contentions are without merit. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.