■ 44-46 WEST 65TH APARTMENT CORP., Appellant, v THOMAS STVAN et al., Respondents. (And a Third-Party Action.) [772 NYS2d 4]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 11, 2003, which, in an action by a residential cooperative against defendant tenants-shareholders to recover damages with regard to defendants' apartments, granted defendants' motion for an injunction staying a Civil Court summary holdover proceeding commenced by plaintiff, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered March 10, 2003, unanimously dismissed, without costs, as abandoned.

Plaintiff landlord commenced a breach of contract and fraud action against its tenants in Supreme Court. About two years later, plaintiff commenced a summary holdover proceeding in Civil Court. The parties moved and cross-moved for summary judgment on the claims and counterclaims in the Supreme Court action. The resulting order is not at issue on appeal. Defendants also moved in the Supreme Court for an injunction staying the summary holdover proceeding and to strike the notice of termination. Although observing that "there is not perfect coincidence between the Civil Court proceeding[ ] and th[is action]," the court nevertheless found that "there is certainly a great deal of coincidence" and that the essence of both was "improper alterations and the like." Consequently, the Supreme Court granted a stay conditioned upon defendants' payment of use and occupancy in addition to monthly maintenance and apparently did not address that branch of the motion to strike the notice of termination.

We reverse. The Civil Court is the preferred forum for resolving landlord-tenant issues (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19 [1984]; *Cohen v Goldfein*, 100 AD2d 795 [1984]). Indeed, "[o]nly where Civil Court is without authority to grant the relief sought should the prosecution of a summary proceeding be stayed" (*Scheff v 230 E. 73rd Owners Corp.*, 203 AD2d 151, 152 [1994]). Thus, given the strong preference for resolving landlord-tenant disputes in Civil Court due to its unique ability to resolve such issues, the Supreme Court erred in staying the summary holdover proceeding. Even if there were no strong preference for adjudicating landlord-tenant proceedings in Civil Court, defendants here did not make the requisite prima facie showing to obtain an injunction staying the summary holdover proceeding (*see* CPLR 6301, 6312; *Koultukis v Phillips*, 285 AD2d 433 [2001]).

Although on the face of the appellate record presented, neither side requested consolidation before the nisi prius court, both sides, on appeal, make perfunctory requests to consolidate the Supreme Court action and Civil Court proceeding. However, consolidation is inappropriate given the distinct nature of the respective causes and the prejudice to plaintiff in depriving it of the appropriate recognized forum for a summary holdover proceeding (*see* CPLR 602; *Post, supra*, 62 NY2d at 28 [Civil Court has jurisdiction of landlord/tenant disputes and when it can decide dispute, "it is desirable that it do so"]). Moreover, neither side contends that the Civil Court is incapable of determining the holdover proceeding, "and, thus, . . . ha[s] not established the necessity for consolidation" (*Scheff, supra*, 203 AD2d at 152). Concur—Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.