■  ALON LANGOTSKY et al., Appellants, v 537 GREENWICH LLC et al., Respondents. [845 NYS2d 313]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered May 15, 2007, which denied plaintiffs' motion to remove a summary proceeding pending in Civil Court and consolidate it with this action pending in Supreme Court, and stayed the Supreme Court action pending resolution of the Civil Court proceeding, unanimously affirmed, with costs.

Both the Supreme Court action and the summary proceeding involve a dispute over the possession of premises, the resolution of which will determine all the rights of the parties (*see generally Cohen v Goldfein*, 100 AD2d 795 [1984]). Plaintiff tenants are free to raise as a defense in the summary proceeding the alleged existence of a fiduciary relationship among the parties arising from their alleged joint venture agreement, and to interpose a counterclaim for money damages arising from the breach of that agreement. Thus, the overarching claim of the breach of the joint venture agreement, and its impact upon the rights of the parties, can be resolved in Civil Court, the preferred forum for landlord-tenant disputes (*see 44-46 W. 65th Apt. Corp. v Stvan*, 3 AD3d 440 [2004]; *Scheff v 230 E. 73rd Owners Corp.*, 203 AD2d 151 [1994]; *Subkoff v Broadway-13th Assoc.*, 139 Misc 2d 176 [1988]).

Plaintiff tenants failed to preserve their argument that the Civil Court cannot grant them complete relief on their claims for the imposition of a constructive trust and an injunction enjoining defendant landlord from selling the building. In any event, plaintiffs, either as tenants in the building or joint

venturers in the redevelopment of the building, if they are indeed able to prove the existence of the joint venture agreement, would not be entitled to anything more than money damages.

We have considered plaintiff tenants' remaining arguments and find them without merit. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ. [*See* 2007 NY Slip Op 31197(U).]