■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVRON BOSTON, Appellant. [17 NYS3d 639]—Judgment, Supreme Court, New York County (Patricia Nunez, J., at plea; Robert Stolz, J., at sentence), rendered on or about September 11, 2013, unanimously affirmed.

Application by defendant's counsel to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with defendant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.

■ CANINE CONSULTING, INC., Appellant, v 563 EAST TREMONT LLC, Respondent. [17 NYS3d 632]—Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about February 9, 2015, which denied plaintiff tenant's motion to stay defendant landlord's Civil Court action to recover the premises for nonpayment of rent or, in the alternative, to consolidate the Civil Court action with the instant action, unanimously affirmed, without costs.

Plaintiff's claims in this action may be asserted as either defenses or counterclaims in defendant's summary nonpayment proceeding in Civil Court (see Simens v Darwish, 105 AD3d 686 [1st Dept 2013]). Plaintiff has not shown that it could not obtain complete relief in Civil Court (see Cox v J.D. Realty Assoc., 217 AD2d 179 [1st Dept 1995]). To the extent plaintiff argues that its potential defenses or counterclaims will be compromised by the limited discovery available in Civil Court, we reject this argument (see Brecker v 295 Cent. Park W., Inc., 71 AD3d 564 [1st Dept 2010]). Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.