L.B. v Stahl York Ave. Co. (2020 NY Slip Op 06355)





L.B. v Stahl York Ave. Co.


2020 NY Slip Op 06355


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 158787/18 Appeal No. 12273N Case No. 2020-01625 

[*1]L.B., etc., Plaintiff-Respondent,
v
Stahl York Ave. Co., et al. Defendants-Appellants.


Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Caitlin L. Bronner of counsel), for appellants.
Levy Konigsberg LLP, New York (Renner K. Walker of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 31, 2020, which denied defendants' motion for removal of a summary nonpayment proceeding against the subject infant's parents, pending in Civil Court, and consolidation with the infant's personal injury action based on lead paint poisoning, pending in Supreme Court, unanimously affirmed, without costs.
CPLR 602(a) gives the trial court discretion to consolidate actions involving common questions of law or fact. While there are some overlapping facts concerning lead paint in each case, they do not so predominate as to find any abuse of discretion in denying consolidation. The majority of time during which the infant's parents failed to pay their rent in the summary proceeding occurred in the two-year period after the lead paint abatement when the case was taken off the calendar to make further unexplained repairs (see Scheff, 203 AD2d at 152). Even where there are common questions of law or fact, consolidation of actions is properly denied if the actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter ( Abrams v Port Authority Trans-Hudson Corp., 1 AD3d 118 [1st Dept 2013]). Given the "strong preference" for resolving summary landlord- tenant proceedings in Civil Court (44-46 W. 65th Apt. Corp. v Stvan, 3 AD3d 440, 441 [1st Dept 2004]), particularly where complete relief is available in that court (Post v 120 E. End Ave., 62 NY2d 19, 28 [1984]; Scheff v 230 E. 73rd Owners Corp., 203 AD2d 151, 152 [1st Dept 1994]), there was no abuse of discretion in the trial court denying consolidation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020