215 W. 84th St Owner LLC v Ozsu (2022 NY Slip Op 05495)

215 W. 84th St Owner LLC v Ozsu

2022 NY Slip Op 05495

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 151123/22 Appeal No. 16312 Case No. 2022-02619 

[*1]215 West 84th St Owner LLC, Plaintiff-Appellant,
v
Ahmet Ozsu, Defendant-Respondent.

Rivkin Radler LLP, New York (Jeremy B. Honig of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about June 6, 2022, which denied plaintiff's motion to vacate the court's sua sponte stay of proceedings in this action pending resolution of the parties' holdover proceeding, unanimously affirmed, with costs.
As a preliminary matter, we find that contrary to defendant's contention, the order before us is appealable as of right under CPLR 5701(a)(3), as plaintiff properly made a motion on notice to vacate Supreme Court's sua sponte order under CPLR 2221(a) (Sholes v Meagher , 100 NY2d 333, 335 [2003]). Turning to the merits, we find that Supreme Court did not abuse its discretion in granting a stay of the Supreme Court action based upon its determination that the resolution of the parties' holdover proceeding will limit the issues to be resolved in this action.
CPLR 2201 affords Supreme Court the authority to stay an action pending before it "upon such terms as may be just," and a court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, duplication of proof and potential waste of judicial resources (Zonghetti v Jeromack , 150 AD2d 561, 563 [2d Dept 1989]). Here, as Supreme Court found, the first-in-time holdover proceeding involves the same parties and both proceedings require the resolution of questions arising from defendant's occupancy of the apartment, such that a stay was appropriate (Solovieff Gallery Co. v Langston , 167 AD2d 325, 325 [1st Dept 1990]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022