Fifth Ave. 25G LLC v Sambar (2023 NY Slip Op 05187)

Fifth Ave. 25G LLC v Sambar

2023 NY Slip Op 05187

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 150021/22 Appeal No. 772 Case No. 2022-05311 

[*1]Fifth Avenue 25G LLC, Plaintiff-Appellant,
v
Habib Sambar, Defendant-Respondent.

The Law Office of Alexander Paykin, P.C., New York (Alexander Paykin of counsel), for appellant.
The Altman Firm PLLC, Woodmere (Michael T. Altman of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 26, 2022, which, to the extent appealed from, denied, without prejudice, plaintiff's motion for a default judgment and stayed this action pending resolution of a parallel summary proceeding in Civil Court, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in staying this action pending resolution of plaintiff's summary proceeding in Civil Court, as plaintiff has not shown that it could not obtain complete relief in Civil Court (see Canine Consulting, Inc. v 563 E. Tremont LLC, 132 AD3d 461, 461 [1st Dept 2015]). Civil Court has jurisdiction of landlord-tenant disputes, and is the preferred forum for deciding those cases; therefore, when it can decide the dispute, as in this case, it should do so (Civil Court Act § 110[a][5]; see Civil Court Act § 204; Post v 120 E. End Ave. Corp., 62 NY2d 19, 28 [1984]; Langotsky v 537 Greenwich LLC, 45 AD3d 405, 405 [1st Dept 2007]). This conclusion holds especially true here, where plaintiff commenced the summary proceeding less than seven weeks after commencing this action — indeed, the same day that it moved for a default judgment in this action. If the tenant cannot obtain complete relief in Civil Court, "then the jurisdiction of Supreme Court is still available" (see Cox v J.D. Realty Assoc., 217 AD2d 179, 181 [1st Dept 1995] [internal quotation marks omitted]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023