| |
|---|
| **Figaro NYC LLC v 186 Bleecker Prop. Owner LLC** |
| 2024 NY Slip Op 32837(U) |
| August 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150333/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>**HON. ARLENE P. BLUTH**</u>      PART        **14**

*Justice*

-------------------------------------------------------------------------------X

FIGARO NYC LLC

Plaintiff,

- v -

186 BLEECKER PROPERTY OWNER LLC,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150333/2023 |
| **MOTION DATE** | 08/09/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 140, 141, 142, 143 were read on this motion to/for     <u>CONSOLIDATE/JOIN FOR TRIAL</u>  .

Plaintiff's motion to consolidate this proceeding with one pending in Civil Court is denied.

**Background**

In this landlord tenant dispute, plaintiff (a commercial tenant in a building owned by defendant) commenced this action seeking a *Yellowstone* injunction. The original default notice that precipitated this case contained allegations that plaintiff failed to pay rent, had illegal electrical installations, failed to pay a contractor that resulted in a mechanic's lien being placed on the property, illegal installation of HVAC units and noise violations. The parties resolved certain disputes and plaintiff's request for a *Yellowstone* injunction in February 2023.

Plaintiff subsequently filed an amended pleading in April 2023 which focused on the same default notice (dated December 5, 2022) involved in this case. Plaintiff also included additional causes of action related to a leaky roof and associated issues with this problem.

[* 1]

Defendant (landlord) contends that it sent a separate thirty-day notice of default dated February 12, 2024 related to an alleged unsanitary condition in the basement of building and plaintiff's purported failure to provide proof of insurance. Defendant emphasizes that the February 2024 notice was entirely different from the issues raised in prior notices that were the subject of this action. The landlord points out that plaintiff did not seek a *Yellowstone* injunction based on this most recent default notice and so the landlord served a five-day notice of cancellation in March 2024. After the termination day passed, defendant commenced a holdover proceeding in Civil Court to recover possession of the premises on April 2, 2024.

Defendant observes that plaintiff entered into a stipulation dated June 13, 2024 in the holdover proceeding in which it was to pay use and occupancy for April, May and June 2024 as well as rent *pendente lite* as if it remained a tenant going forward. Defendant contends that plaintiff failed to make certain of these use and occupancy payments and did not timely file its answer in the holdover proceeding as it had agreed pursuant to another stipulation. Defendant claims it then moved for an immediate trial.

It observes that plaintiff eventually made some payments and its late answer was eventually accepted. Defendant contends that the day before the holdover trial was to begin (August 5, 2024), plaintiff filed a motion to dismiss which remains pending. It observes that the trial date has been adjourned to October 8, 2024.

Plaintiff now contends that the holdover proceeding should be consolidated with this action because the two disputes are inextricably intertwined. It argues that they both contain issues concerning repair obligations and the maintenance of the premises. Plaintiff maintains that there are overlapping claims and so the two cases should be consolidated. It argues that both

actions are in their early stages and discovery has just commenced. Plaintiff contends that resolution of all disputes in one action would be more efficient.

In opposition, defendant acknowledges that the two disputes contain the same parties but it argues that consolidation is not appropriate because the alleged breaches in the Civil Court proceeding are entirely different from those alleged here. Defendant emphasizes that plaintiff failed to cure those breaches and is allegedly holding over under a terminated lease. It also observes that the holdover proceeding is ready for trial and that the trial has already been postponed twice while this action remains in discovery. Defendant argues that it should not be deprived of a prompt resolution on its summary proceeding.

**Discussion**

"The Civil Court is the preferred forum for resolving landlord-tenant issues" (*44-46 W. 65th Apt. Corp. v Stvan*, 3 AD3d 440, 441, 772 NYS2d 4 [1st Dept 2004]). "[C]onsolidation is inappropriate given the distinct nature of the respective causes and the prejudice to plaintiff in depriving it of the appropriate recognized forum for a summary holdover proceeding" (*id*. at 442 [denying consolidation of a holdover summary proceeding with a Supreme Court action]).

Here, consolidation is inappropriate given the divergent nature of the issues raised in each proceeding and the procedural posture of each matter. There is no dispute that the Civil Court proceeding involves a separate default notice that is not directly at issue here and also includes a subsequent termination notice. As defendant correctly points out, plaintiff did not move for a *Yellowstone* with respect to the February 2024 default notice; rather it let the cure period lapse, a termination notice to be filed and for defendant to then commence a holdover proceeding. In other words, plaintiff had ample opportunity to seek prompt relief in this action with respect to

[* 3]

the February 2024 default notice but instead it waited many months, and not until after trial dates were scheduled in Civil Court, to make a motion in this action. And plaintiff did not even move by order to show in the instant application and therefore did not request a temporary stay of the Civil Court proceeding while this motion was pending.

The Court sees no reason to deny defendant's ability to seek summary relief in Civil Court, a forum designed to handle such disputes. If the Court were to grant the instant motion, it would only serve to delay resolution of a matter that appears ready for trial. The fact is that plaintiff received the default notice (based on different defaults than the ones at issue in this case) six months ago and chose to litigate that February 2024 default notice and the March 2024 termination notice in Civil Court (plaintiff even filed a motion to dismiss) instead of immediately seeking consolidation. Now, only after the trial date was finally set in Civil Court, has the tenant moved to consolidate. Under these circumstances, the Court finds that consolidation is not warranted.

Accordingly, it is hereby

ORDERED that plaintiff's motion to consolidate is denied.

| __8/13/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]